■ BRIAN BITTROLFF, Appellant, v Ho's DEVELOPMENT CORP. et al., Respondents. (And a Third-Party Action.)—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about July 10, 1989, which treated the defendant New York City's motion to dismiss as a motion for summary judgment and dismissed the complaint against the city, unanimously affirmed, without costs or disbursements.

Plaintiff, a New York City firefighter, was injured on January 7, 1986 when battling a blaze at 161 Allen Street in New York County. At the time the building was under renovation. As the plaintiff, hindered in his progress by debris, smoke and darkness, proceeded on the fourth-floor landing of the seven-floor building, he fell through a large hole to the floor below, sustaining serious injury.

Suit was instituted against the current owner, defendant Ho's Development Corp., and the prior owner, the City of New York. Plaintiff subsequently added additional defendants, including principals of Ho's, and other companies involved in the ongoing rehabilitation project at 161 Allen Street and principals thereof. The complaint alleges two causes of action, one based upon negligence in the maintenance, control and ownership of the premises and the second pursuant to General Municipal Law § 205-a. The city thereafter moved for dismissal on the ground that since it had relinquished ownership of the premises prior to the date of the accident it was not liable to plaintiff. In opposition, plaintiff claimed that at the time of the conveyance of this property to Ho's the parties entered into a land disposition agreement which reserved certain rights of reentry to the city and that therefore the city retained sufficient control to justify the imposition of liability.

The court treated the city's motion as one for summary judgment and, in a well-reasoned decision, dismissed the complaint as against the city. The court found that the agreement entered into between the parties did not provide the city with that degree of control necessary to constitute the predicate for the imposition of liability. The city's legal status, it held, was not unlike that of a mortgagee, which reserved the right to call the mortgage and foreclose upon the mortgagor's failure to fulfill certain obligations, such as observing municipal ordinances and maintaining the mortgaged premises in good condition and repair.

We reject plaintiff's argument that the city retained a

significant ownership interest in the property sufficient to serve as a predicate for liability under General Municipal Law § 205-a or under principles of common-law negligence. Pursuant to the land disposition agreement executed at the time the city conveyed full title to the property to Ho's, the city reserved the right to reenter and take possession of the premises in the event of a default by Ho's and to terminate the estate conveyed. As noted by the IAS court, these rights may be likened to those of a mortgagee and not, as plaintiff suggests, to those of a landlord (cf., Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559) and were clearly insufficient to impose liability upon the city as a co-owner of the premises at the time of the fire. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.